IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARLTON LYNELL FRANK, | ) | |
| #192 218 | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-19-TMH |
| | ) | [WO] |
| SIMONE PARKER, | ) | |
| | ) | |
|     Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a prison inmate, filed this complaint on January 9, 2014. On January 15, 2014, the court directed Defendant to file an answer and written report addressing Plaintiff's claims for relief. In compliance with the court's order, Defendant submitted a written report on March 5, 2014, which contained relevant evidentiary materials refuting the allegations in the instant complaint. The court then issued an order directing Plaintiff to file a response to Defendant's written report. *Doc. No. 10*. Plaintiff was advised his failure to respond to Defendant's written report would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." *Id*. (emphasis in original). Plaintiff was "specifically cautioned that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this case. *Id*.

The time allotted Plaintiff for filing a response expired on March 31, 2014. Because Plaintiff filed nothing in opposition to Defendant's written report as required by order filed March 10, 2014, the court entered a Recommendation on June 5, 2014, recommending

dismissal of the complaint. Plaintiff filed an objection to the Recommendation on June 20, 2014, wherein he alleged he had filed an opposition to Defendant's written report. *Doc. No. 12*. Although the court file did not support Plaintiff's contention, the court entered an order on June 20, 2014, withdrawing the Recommendation and granting Plaintiff an extension to and including July 7, 2014, to file his opposition. *Doc. No. 13*. Plaintiff has filed no response and the time for doing so has expired. In light of the foregoing the court concludes the case should be dismissed.

The court has reviewed the file in this case to determine whether a sanction less drastic than dismissal is appropriate. After such review, the court concludes dismissal is the proper sanction. Because Plaintiff is an indigent state inmate, the imposition of monetary or other punitive sanctions against him would be ineffectual. Plaintiff has also failed to comply with the orders entered by the court. It is therefore apparent that any additional effort by this court to secure Plaintiff's compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims, his failure to comply with the orders of this court, and his failure to properly prosecute this cause of action warrant dismissal. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc., v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995).

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge

that this case be DISMISSED without prejudice.

It is further

ORDERED that **on or before January 26, 2015**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of January, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE